## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **LORI CHAVEZ-DᴇREMER**, Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Civil Action No.: 25-11151 |
| | ) | |
| **HIBACHI ASIAN BUFFET INC. d/b/a HIBACHI GRILL SUSHI AND BUFFET a/k/a KING CRAB CAJUN SEAFOOD, INC. a/k/a KING CRAB JACKSON**, a Michigan corporation; and **LI YONG DONG** and **DUAN YANG**, individuals. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938,

as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), Plaintiff, Lori

Chavez-DeRemer, III, Secretary of Labor, United States Department of

Labor ("Secretary"), brings this action to enjoin and restrain Hibachi

Asian Buffet, Inc. d/b/a Hibachi Grill Sushi and Buffet a/k/a King Crab

Cajun Seafood, Inc. a/k/a King Crab Jackson, a Michigan corporation ("Hibachi Asian Buffet"), and Li Yong Dong ("Dong") and Duan Yang ("Yang"), individuals (collectively, "Defendants") from violating Sections 3(m)(2)(B), 6, 7, 11, 15(a)(2) and/or 15(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 16(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, investigated Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from July 1, 2022 to June 30, 2024 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

Throughout the Investigation Period, Defendants Hibachi Asian Buffet, Dong, and Yang repeatedly violated Sections 6, 7, and 11 of the FLSA by failing to pay employees for all hours worked; failing to pay employees at least 1.5 times their regular rates of pay for all hours worked over 40 in a workweek; and failing to make and maintain

accurate records required under the FLSA and its corresponding regulations. Therefore, Defendants Hibachi Asian Buffet, Dong, and Yang are liable for wages owed to these employees, plus an equal amount in liquidated damages.[1]

## Jurisdiction and Venue

1.  This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2.  This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3.  Defendant Hibachi Asian Buffet is a corporation within this Court's jurisdiction with a location at 934 N W Avenue, Jackson, Michigan, Jackson County where it conducts business.

4.  Defendant Hibachi Asian Buffet is a buffet-style restaurant. It primarily operates as "Hibachi Asian Buffet" or "Hibachi Grill Sushi

---

[1] If Defendants continued to violate the FLSA after the Hibachi Asian Buffet Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

and Buffet." Hibachi Asian Buffet was incorporated in Michigan in 2015 and is still operating.

5.      Defendant Dong is the President, Treasurer, Secretary, Director, and registered agent for Hibachi Asian Buffet Inc.

6.      During the COVID-19 public health emergency from 2020-2022, Defendant Dong and Defendant Yang, who are married, rebranded the restaurant as "King Crab" and created a new Michigan corporation called "King Crab Cajun Seafood, Inc." to prioritize carry-out orders.

    a.      When Defendant Dong changed the corporate entity to King Crab Cajun Seafood Inc., the ownership did not change, and Defendant Dong was the President, Treasurer, Secretary, Director, and registered agent of King Crab Cajun Seafood Inc.

    b.      Defendant Dong dissolved King Crab Cajun Seafood Inc. in 2022 when carry-out orders decreased and in-person restaurant operations increased.

7.      From 2015 through the present, Defendants Dong and Yang have operated the restaurant under the Hibachi Asian Buffet and King Crab names along with other similar variations.

8.      Defendant Dong and Defendant Yang have continuously owned and operated the restaurant located at 934 N W Avenue in Jackson, Michigan, under the names of Hibachi Asian Buffet, King Crab Jackson, and other similar variations.

9.      Defendant Dong has actively managed and supervised Hibachi Asian Buffet's operations and its employees during the Investigation Period. Among other things, Defendant Dong has hired and fired employees, set their work schedules, and set their pay rates.

10.      Defendant Dong has acted directly or indirectly in Hibachi Asian Buffet's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

11.      Defendant Yang has actively managed and supervised Hibachi Asian Buffet's operations and its employees during the Investigation Period. Among other things, Defendant Yang has hired and fired employees, set their work schedules, and set their pay rates.

12.     Defendant Yang has acted directly or indirectly in Hibachi Asian Buffet's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

13.     During the Investigation Period, Defendant Dong, Defendant Yang, and Defendant Hibachi Asian Buffet engaged in business within Jackson County, within this Court's jurisdiction.

14.     Defendants Dong and Yang reside in Jackson County, Michigan, within this Court's jurisdiction.

### The FLSA Applies to Defendants

15.     Defendant Hibachi Asian Buffet is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

16.     Defendant Hibachi Asian Buffet is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

## Minimum Wage Violations

17.    Defendants Hibachi Asian Buffet, Dong, and Yang repeatedly violated Sections 6 and 15(a)(2) of the FLSA when they failed to pay their kitchen staff (cooks and dishwashers) at least $7.25 per hour. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

     a.    From July 2022 to June 2024 Defendants Hibachi Asian Buffet, Dong, and Yang paid a set "salary" amount to their kitchen employees (cooks and dishwashers). After accounting for all hours worked by each kitchen employee, the wage they paid each employee was less than $7.25 per hour.

## Overtime Violations

18.    Defendants Hibachi Asian Buffet, Dong, and Yang repeatedly violated Sections 7 and 15(a)(2) of the FLSA when they failed to pay their cooks and dishwashers 1.5 times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

7

a.      During the Investigation Period, Defendants Hibachi

Asian Buffet, Dong, and Yang paid their cooks and dishwashers

set salaries regardless of the number of hours worked. During

almost every workweek they worked, cooks and dishwashers

worked more than 40 hours. But Defendants Hibachi Asian

Buffet, Dong, and Yang paid cooks and dishwashers a flat salary

for all hours worked without any additional overtime

compensation at 1.5 times their regular rates. Cooks and

dishwashers' salaries remained in a similar range each workweek.

This resulted in cooks and dishwashers not receiving 1.5 times

their regular rates for hours worked in excess of 40 in a

workweek.

### Recordkeeping Violations

19.   Defendants repeatedly violated Sections 11 and 15(a)(5) of

the FLSA when they failed to keep complete and accurate records. 29

U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

a.      Defendants Hibachi Asian Buffet, Dong, and Yang

failed to maintain records of hours worked, start/stop times, or

overtime payments.

## Remedies Sought

20.    As a result of their FLSA violations, Defendants owe the

employees listed in Exhibit A back wages and liquidated damages,

under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the

FLSA after the Investigation Period, then Defendants may owe

additional back wages and liquidated damages to employees.

21.    Defendants may also owe additional back wages and

liquidated damages during the Investigation Period to employees whose

identities are presently unknown to the Secretary.

22.    Because Defendants repeatedly violated the FLSA, the

Secretary is entitled to recover back wages and liquidated damages for

a two-year period. 29 U.S.C. § 255(a).

## Request for Relief

As a result of Defendants' repeated FLSA violations, the Secretary respectfully requests this Court enter an Order:

A.    For an order under Section 17 of the FLSA and pursuant to the Court's inherent authority permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 6, 7, 11, and 15(a)(2) of the FLSA. 29 U.S.C. § 217.

B.    For an order under Section 16(c) of the FLSA finding Defendants liable for unpaid minimum and overtime wages—plus an equal amount in liquidated damages—owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.    If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation, found owing to Defendants' employees, plus prejudgment interest computed at the underpayment

rate established by the Secretary of the Treasury under 26 U.S.C. §
6621.

   D.    Providing such other legal and equitable relief as may be
necessary and appropriate.

   E.    Awarding costs and granting such other and further relief as
may be necessary and appropriate.


                              **JONATHAN L. SNARE**
                              Acting Solicitor of Labor

                              **CHRISTINE Z. HERI**
                              Regional Solicitor

                              */s/Lydia J. Faklis*
                              **LYDIA J. FAKLIS**
                              Trial Attorney
                              U.S. Department of Labor
                              Office of the Solicitor
                              230 South Dearborn Street,
                              Rm. 844
                              Chicago, Illinois 60604
                              312-353-6992
                              faklis.lydia.j@dol.gov

                              Attorneys for Plaintiff
                              LORI CHAVEZ-DEREMER,
                              Secretary of Labor, United
                              States Department of Labor

LOCAL COUNSEL:

JULIE BECK
Acting United States Attorney

KEVIN ERSKINE (P69120)
Assistant United States
Attorney, United States
Attorney's Office, Eastern
District of Michigan
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Email:
kevin.erskine@usdoj.gov